Crouch v. The State.

JOHN CROUCH AND OTHERS v. THE STATE.

The loss of the indictment does not operate as a discharge of the defendant and his sureties upon his recognizance; and the suggestion of its loss upon the record does not release the defendant from his undertaking to appear before the court, in compliance with the terms of the recognizance, until he shall be discharged by law.

ERROR from San Augustine. Tried below before Hon. A. W. O. Hicks.

*W. W. Wallace* and *H. C. Wallace*, for the plaintiffs in error.

*Attorney-General*, for the State.

BELL, J.—The plaintiff in error, John E. Crouch, was indicted at the Fall Term, A. D. 1853, of the District Court for San Augustine county, for an assault with intent to kill, upon one William Puckett. On the 17th day of October, 1855, Crouch entered into recognizance, with John G. Love, James A. Chaffin and Calloway Deen, Sr., as sureties, in the sum of one thousand dollars, conditioned that the said John Crouch should personally make his appearance at the next regular term of the District Court, then and there to answer, &c., and should remain there from day to day and from term to term of said court until he shall be discharged therefrom by said court.

On the 13th day of November, 1857, the said John Crouch failing to appear, this recognizance was forfeited, and writs of *scire facias* ordered to issue to Crouch and his sureties. It appears from the judgment *nisi* and from the *scire facias*, that when the district attorney moved the court to forfeit the recognizance, the sureties of Crouch opposed the motion, on the ground that the recognizance had been entered into under an indictment which was not then in existence, and that the indictment under which the State was then seeking to hold them liable was an indictment found at the Spring Term, 1857, of the court, and substituted for the old indictment under which the recognizance was taken, which old indictment they alleged was lost or destroyed. For these reasons they opposed the forfeiture of the recognizance, and moved the court to quash it; which motion the court overruled. Writs of *scire facias* issued, and were served on Crouch and his sureties. At the October Term, 1858, the cause came on to be heard on the writs of *scire facias*. The defendants filed various exceptions and pleas, all of which taken together were to the effect that the indictment under which the recognizance was taken having been lost, the prosecution abated or expired by operation of law, and consequently the recognizance, which was an incident to the prosecution, ceased to be of any validity. There were many other reasons urged why the judgment *nisi* should

not be made final, but we do not consider it necessary to notice them here. The judgment *nisi* was made final by the court.

The whole argument against the correctness of this judgment is based on the assumption that the suggestion which was made to the court at the Spring Term, 1857, that the original papers in the cause were lost, was an abandonment of the prosecution by the State, and by operation of law worked a discharge of the defendant, Crouch, and the sureties on his recognizance. We are referred to papers which are brought here as a part of the record which show that an indictment was found against Crouch at the Spring Term, 1857, of the court, for an assault with intent to kill, upon one William Puckett. This indictment does not purport to be found as a substitute for a former indictment, but doubtless the fact was so. It is assumed that all laws which authorized a new indictment to be substituted for an old one had been repealed before this new indictment was found—that therefore the new indictment was unauthorized by law—that the finding of the new indictment was an abandonment of the prosecution upon the old one—that the new indictment was a new prosecution which had no connection with the old prosecution; and the conclusion deduced from these contradictory propositions is, that the defendant and his sureties were discharged from the obligation of the recognizance by operation of law. We think the plain answer to this whole line of argument is that the defendant bound himself to make his personal appearance before the court until he was discharged by the court; and that he cannot be permitted to stay away and try, in answer to a *scire facias*, whether or not the suggestion of the loss of an indictment terminates a prosecution, or whether the finding of a new indictment under such circumstances is authorized by law or not. If the prosecution against him was terminated by operation of law, the court would have told him so when he appeared in accordance with his undertaking. He can not be permitted to stand off at a safe distance and inform the court by the mouth of counsel, that there is no longer any prosecution against him. If the new indictment against him was found without authority of law, he could have shown that fact when put upon his trial under the indictment. He cannot urge

the invalidity of that indictment in answer to a *scire facias* to show cause why the judgment *nisi* against him should not be made final.    It is not contended that the indictment under which the recognizance was taken, was not a good indictment, but it is said that the recognizance has ceased to bind the party because the indictment is lost.    How can it be known that the indictment will not be found ?    Let us suppose that the defendant had been in court ready to answer the charge in the indictment, and the indictment had accidentally come in contact with a lighted candle and been consumed, would that have been an end of the whole matter, indictment, recognizance and all ?    Even if we grant that it would have terminated the prosecution by operation of law, still the defendant would have been liable to arrest, and could have been proceeded against by a new bill.    But in this case the party takes the benefit of his recognizance to secure him from arrest at the Spring Term, 1857, when the new indictment was found, and then failing to return at the next term, excuses himself by saying that the old prosecution against him had abated by operation of law, and the new one is not authorized by law.    We are of opinion that the District Court did not err in refusing to accept these propositions as a sufficient answer to the *scire facias*.

Judgment affirmed.