NED HUNTER AND WIFE v. J. G. WOOLDERT.

(Case No. 1062.)

1. POWERS — CONTRACT. — In a mortgage with a power to sell, the power to make title, though not expressed, will be inferred as a necessary incident.

2. PURCHASER — HOMESTEAD — EQUITY. — When a homestead was sold by a creditor under a mortgage with a power to sell, the same having been executed in 1875, the creditor was not authorized to apply the overplus resulting from the sale, after liquidating his secured debt, to the extinguishment of a further amount due him and unsecured. The mortgagee having sold the homestead and become the purchaser thereof, was entitled to no benefit from his purchase until he had paid to the mortgagors whatever remained from proceeds of sale after satisfying his secured debt.

APPEAL from Smith. Tried below before the Hon. John C. Robertson.

*Reaves & Dodd,* for appellants.

*Robertson & Finley*, for appellee.

I. The sale of the homestead extinguished all the homestead rights of the wife, and the surplus arising from the sale became personal community funds subject to the control and disposition of the husband, and the trustee had the legal right to apply such surplus to another debt. Thom. on Homestead Ex., 745–750, and cases cited; De Blane *v.* Lynch, 23 Tex., 25; White *v.* Lynch, 26 Tex., 196.

II. If such surplus was exempt, it came into the hands of the appellee without any resort to the process of the law, and it would be inequitable to have required him to turn it back into the hands of his debtor, the appellant. If such surplus was exempt, and appellee had no right to apply it to the community debt owing him by appellant, but did so apply it, appellant's remedy was an action *in personam* against appellee for such surplus, and not by way of a defense to the suit for the land, there being no allegation of insolvency. 10 Wall., 492 and 3, 151, 191, 2 and 3; 2 Jones on Mort., sec. 1690; Bar. Law of Set-offs.

III. The power to sell carries with it the power to do everything necessary to such sale,— in this case to make deed. The deed gave the appellee power to sell. 1 Powell on Mort., 234.

GOULD, ASSOCIATE JUSTICE.— Wooldert in this action of trespass to try title recovered of Hunter and wife their homestead tract of land, his title being as purchaser at a sale made by himself under a mortgage with power of sale, executed in May, 1875, to secure him in advances made, and being made to Hunter and wife to assist them in raising a crop. The mortgage stipulated for payment to Wooldert on November 1, 1875, of whatever amount the mortgagors might be indebted to him on that day "according to his book account, together with twenty

per cent.," and on default authorized him to give notice, and "to sell the same at public outcry before the court-house door of the aforesaid county to the highest bidder for cash, and out of the proceeds pay whatever amount or amounts that may be due him according to his book account and their agreement on the day of sale, and after paying all costs of sale, pay the surplus, if any, to us, our heirs, executors or assigns." Appellants deny that Wooldert was empowered by this instrument to execute a deed to the purchaser, and on this ground claim that his title was defective.

Although there is no express power to the mortgagees to convey, that power will be implied from the power to sell, the transfer of title being necessary to the accomplishment of the object of the sale. Fogarty v. Sawyer, 17 Cal., 592; Williams v. Otez, 8 Humph., 568; Valentine v. Piper, 22 Pick., 25; Perry on Trusts, sec. 602g.

Another question grows out of the appropriation by Wooldert of a surplus of $162 of the proceeds of the sale over the indebtedness secured by the mortgage, to other subsequent and unsecured indebtedness of Ned Hunter to him. Appellants claim that this surplus, being the proceeds of their homestead, should, like the proceeds of exempt property seized against the owner's will under process of law, be protected from appropriation by creditors for a reasonable time, and that Wooldert having, in violation of his trust, retained what he should have paid over to them, should not be allowed to disturb their possession until such payment be made.

The district judge to whom the case was submitted, and whose findings of fact and of law are embodied in the record, held that the sale "extinguished all the homestead rights of the defendants, and the overplus of the sale became personal community funds, subject to the community debt created by Ned Hunter in 1876, and being in the hands of the plaintiff, he could appropriately

apply it to the debt held by him against the husband."
Evidently the court regarded the sale under the power in
the mortgage as a voluntary sale, and the proceeds as not
within the protection extended by the decisions of this
and other courts when the form of the exempt property
has been changed by forced sale, or otherwise involuntary.
We cite some of the cases where the court, seeking to
make the exemption fully available, have enforced or
recognized this rule in cases where the form of the prop-
erty has been changed involuntarily.   Cameron *v*. Flay,
Austin Term, 1881; Whittenberg *v*. Lloyd, 49 Tex., 642;
North *v*. Shearn, 15 Tex., 175; Wood *v*. Wheeler, 11 Tex.,
122; Houghton *v*. Lee, 50 Cal., 101; Keyes *v*. Rines, 37
Vt.; Mitchell *v*. Millbraun, 11 Kansas, 628; Thompson on
Homesteads, sec. 750; Jones on Mortgages, vol. 2, sec.
1093.

In our opinion, although a sale under a deed of trust
be not a "forced sale," within the meaning of that term
*as used in the constitutions of the state*, it is still very
far from being like an ordinary voluntary sale or ex-
change of property, where the vendor has full control
and can make his own arrangements to secure the rein-
vestment of the proceeds.   The sale moves on, and the
form of the property is changed, with as little regard as
to what may then be the wish of the mortgagors as if
made under process of law.   In authorizing the sale to
be made by the trustee, the mortgagors show no more will-
ingness that the form of the property be changed, no
more intention that the sale shall be made, than where
they make a mortgage without such power.   In our
opinion the sale in this case comes within the reason of
the decisions extending protection to proceeds arising
from involuntary changes of the form of exempt property.

The "overplus" was not subject to seizure by creditors,
or appropriation by the trustee, until a reasonable oppor-
tunity had been afforded appellants to reinvest them in

another homestead. The appellee, in the discharge of his trust, should have paid over the exempt overplus to the mortgagors, as stipulated in the mortgage, and until he does so pay it over, with interest from the day of sale, he is not, in equity, entitled to the benefit of his purchase.

The judgment is reversed, and judgment in favor of appellants will be rendered in this court, in accordance with the views expressed in this opinion.

REVERSED AND RENDERED.

[Opinion delivered October 21, 1881.]