## J. F. HOUSE ET AL. v. WILLIAM PHELAN ET AL.

### No. 3286.

1. **Limitation.**—A tax collector levied upon and sold for taxes a lathe attached to a part of the homestead. After the sale the collector and purchasers by force detached the lathe and removed it. Suit for damages against the parties removing it. *Held*, that limitation ran from the removal of the lathe, and not from the date of the levy.

2. **Part of Homestead.**—The character of the property as attached to and part of the homestead, and covered by its exemption at the time of the levy and sale, would determine the rights of the parties in a suit for the removal of it after the sale.

3. **Homestead Exemption.**—If the lathe was part of the homestead when the levy was made it was not subject to sale for the unpaid taxes due on property other than the homestead.

4. **Same — Waiver of Rights.** — The provisions of the Constitution providing how alone the homestead of a family, of which the husband and wife are constituents, may be disposed of, are as applicable to that which is a part of the homestead as to the whole; and it can not be held under the laws of this State that the homestead exemption is a mere personal privilege which a husband may waive. That the husband pointed out to the officer property a part of the homestead gave no authority to the officer to seize and remove it.

5. **Damages for Injuries to Homestead.**—The tax collector and the purchasers at the tax sale having removed the property unlawfully levied upon and sold and converted the same, are liable for damages. They can not insist that the plaintiffs should pursue and recover the property unlawfully taken. The owners may elect to abandon the property and sue for its value, etc.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.
The opinion states the case.

*Wozencraft & Trice*, for appellants.—Where the owner is called on by an officer to point out property subject to execution for levy, and such owner points out property, he thereby waives his right to proceed against such officer for damages; and he fixes the status of the property so pointed out so far as his rights are concerned in maintaining an action against the officer for damages for a wrongful levy on such property. Richards v. Harris, 30 Iowa, 574; Foy v. Littlefield, 68 Me., 52; Hays v. Creary, 60 Texas, 445; Formwalt v. Hylton, 66 Texas, 288.

*Cobb & Avery*, for appellees, cited Railway v. Faber, 63 Texas 344; Wright v. Straub, 64 Texas, 64; Rosenthal v. Middlebrook, 63 Texas, 333; Land and Loan Co. v. Blalock, 76 Texas, 85.

STAYTON, CHIEF JUSTICE. — William and F. P. Phelan were partners, married men, engaged in business as machinists and boilermakers, on a lot on which with their families they also resided. They not having paid the taxes due to the city of Dallas on personal property, sometime in January, 1887, appellant House, collector of taxes for the city, demanded the sum due, which amounted to $28.25, and payment not being made, through a deputy he demanded a levy on personal property, whereupon one of the Phelans pointed out the lathe, which was levied upon and subsequently sold by the collector to appellants Wright and Sligh. The evidence further shows, that after their purchase they requested one of the Phelans to take care of it for them until they could remove it, and that this he agreed to do; but when they desired to remove it objection was made, whereupon the collector and the purchasers removed it by force from the workshop in which it was.

This action was brought against these persons to recover the value of the lathe, and it resulted in a judgment in favor of plaintiffs for $628, which is not claimed to be excessive.

Under the evidence, it must be conceded that the lathe was pointed out for levy, and that no objection was urged to the sale; and under the finding of the jury, in view of the charge of the court, it must be held that the lathe was so attached to and used in connection with the homestead lot on which it was as to make it a part of the realty. Limitation would run from the time the lathe was removed from the premises where it was when levied upon and sold; and as the evidence clearly and without contradiction shows that this occurred within less than two years before this action was brought, the court did not err in omitting from the charge all reference to the defense of limitation. Nor did the court err in instructing the jury, that the character of the property at time of levy and sale would determine the rights of the parties, unless it be true that by pointing out the property for levy and permitting its sale without objection would bar the right of plaintiffs to maintain this action, even if the lathe was a part of the homestead at the time the levy and sale were made. If it was not part of the homestead when the levy was made, the right to sell thus acquired could not be defeated by the fact that it may have been made so subsequently. If the lathe was part of the homestead when the levy was made, it was not subject to sale for the unpaid taxes due on property other than the homestead. It is claimed, however, notwithstanding the lathe may have been a part of the homestead, that by their conduct plaintiffs waived their right to

assert that the property was exempt from sale, or that they are estopped now to claim that it was exempt.

The provisions of the constitution providing how alone the homestead of a family, of which husband and wife are constituents, may be disposed of are as applicable to that which is a part of the homestead as to the whole, and it can not be held, under the laws of this State, that the homestead exemption is a mere personal privilege which a husband may waive. Railway v. Winter, 44 Texas, 611; Ross v. Lister, 14 Texas, 469; Denny v. White, 2 Coldwell, 283; Beecher v. Baldy, 7 Mich., 505; Lambert v. Kinnery, 74 N. C., 350.

Appellants must be held to have known that the lathe was a part of the homestead at the time the levy and sale were made, and if want of knowledge could in any manner affect the question, they have no facts on which to base claim of estoppel. They took forcible possession of the property, have disposed of it to other persons, and are liable for its value; unless, as contended, it be true that plaintiffs, by the act of one of them, waived their right, or rather estopped themselves from claiming damages for the unlawful seizure and appropriation of the property, and are now restricted to an action for the recovery of the property itself.

A husband, acting in good faith and with no intent to defraud the wife, may remove from the homestead—abandon it—and thus it ceases to have the homestead character; and if, after the property in question was removed from and ceased to be in fact a part of the homestead, the husbands, believing it to be for the best interest of themselves and families, concluded to abandon their right to have it still remain a part of the homestead, and to recover its value, we do not see that they may not do so; and appellants are in no condition, after they have sold the property to other persons, to insist that appellees must take it from them.

What appellees may now do can not be given a retroactive effect, and thus make appellants' illegal seizure and conversion legal; for if the property was not subject to sale when sold, the subsequent abandonment of it as a part of the homestead will not validate the sale. Appellants made no offer to return the property and to pay damages for its illegal removal; and if appellees, as they must be held to do by suing for the value of the property, elect no longer to consider it a part of the homestead when thus illegally severed from it—in so far to abandon it—we do not see that appellants can complain. Whether, had the property been personalty, one or both of appellants could waive the exemption given to the families, if done in good faith, we need not consider, for under the finding it must be held that such was not its character.

In Dodge v. Knight, 16 Southwest Reporter, it seems to have been thought waiver of exemption of personal property might be made, but

the real point in the case was that the property involved in that case was not exempt from forced sale.

We find no error in the proceedings nor in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 4, 1892.