### JOEL HAYES v. W. W. TAYLOR.

Delivered December 4, 1897.

**1. Taxation—Collection by Sale—Homestead.**

A sale of a homestead for taxes is void, where other taxes than those of the homestead are included in the sale.

**2. Homestead—Void Sale—Repurchase by Owner—Vendor's Lien.**

The owner of a homestead sold for taxes at a sale which is void because other taxes than those on the homestead were included in the sale, does not, by taking from the purchaser at such sale a conveyance of the homestead expressly retaining a vendor's lien to secure payment of a note given as the purchase price, render the homestead subject to sale on foreclosure of the vendor's lien.

APPEAL from Delta. Tried below before Hon. HOWARD TEMPLETON.

*J. L. Young*, for appellant.—1. The sale of a homestead for taxes, in which other taxes than those assessed against it are included, will not be void unless it is shown that the increased amount in some way prevented the owner from paying the taxes on the homestead and saving it from sale, or that it prevented him from afterwards redeeming it. Lemmon v. Hanley, 28 Texas, 220; Wright v. Heffner, 57 Texas, 518; Lufkin v. Galveston, 58 Texas, 545; Lawrence v. Simonton, 13 Texas, 220; Wright v. Straub, 64 Texas, 64; Luckie v. McGlasson, 22 Texas, 284; Cooper v. Singleton, 19 Texas, 260.

2. An invalid tax sale of a homestead is a cloud upon the title; and the sale of the claim of title is a sufficient consideration to create a vendor's lien, and the purchaser of such a title will not be heard to impeach the same. Handell v. Elliott, 60 Texas, 145; McIntire v. Delong, 71 Texas, 86; Demaret v. Bennett, 29 Texas, 262; Savoy v. Brewton, 3 Texas Civ. App., 336; Cassiano v. Ursuline Ocademy, 64 Texas, 673; Graham v. McCarty, 69 Texas, 323; Cooper v. Singleton, 19 Texas, 260; Rhode v. Allen, 27 Texas, 445; Gas Co. v. Gal. Co., 54 Texas, 287; Hogan v. Conn, 40 S. W. Rep., 18.

*Sharp & Banister*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This action was brought by appellant to foreclose an alleged vendor's lien on appellee's homestead of

49 6-10 acres of land in Delta County. The judgment denying the relief sought rests upon conclusions of law and fact, from which it appears that appellant acquired, in the year 1885, whatever right he had to the land through a tax sale made that year to collect the taxes assessed against the appellee for the preceding year, amounting to $5.34, which included his poll tax and taxes assessed against his personal estate, as well as against the land. It further appears from the findings of fact that "the assessment rolls of Delta County for 1884 contains the following, and nothing else, covering said land:"

| Owner. | Abstract No. | Certificate No. | Survey No. | Original Grantee. | Acres. | Value. |
|---|---|---|---|---|---|---|
| W. W. Taylor.. | 15 | .......... | ....... | Caroline Allen.. | $49\frac{6}{10}$ | $147 |

And that when this assessment was made, as well as long before that time and ever since, appellee was a married man, the head of a family, and the land in question was his homestead; that thereafter, to avoid a threatened suit, he made the note (for $100) sued on, and took a conveyance of the land from appellant, in the face of which the vendor's lien was expressly retained to secure the payment of this note.

The statement of facts, however, fails to show what the tax assessment of $5.34, by virtue of which the land was sold, included, but merely recites that defendant (appellee) introduced in evidence the minutes of the Commissioners Court to show the amount of taxes levied for county purposes for 1884, without showing what these minutes contained, and then copies the tax rolls for that year, as follows:

| Owner. | Abstract No. | Certificate No. | Survey No. | Original Grantee. | Acres. | Value. |
|---|---|---|---|---|---|---|
| W W. Taylor.. | 15 | .......... | ........ | Caroline Allen.. | $49\frac{6}{10}$ | $147 |

Error is therefore assigned to the conclusion of the trial judge that the tax assessment under which the land was sold included appellee's poll tax and the tax on his personal property, and this assignment would have to be sustained, though the discrepancy is doubtless due to inadvertence in making up the statement of facts, had not the Constitution and laws in force when the assessment and sale in question took place made it impossible for a valid assessment of $5.34 to have been made against a tract of land valued at $147. Const., art. 8, sec. 9, as amended in 1883. See also Acts of Legislature levying taxes for 1884.

It thus appears that the land must necessarily have been sold for a debt other than the taxes due thereon, which is forbidden by article 16, section 50, of the Constitution, providing that the homestead shall be pro-

tected from forced sale for the payment of all debts except for the purchase money thereof, "the taxes due thereon," etc. Being so forbidden, the sale was void, and did not divest appellee's title or pre-existing homestead right.

The debt for purchase money excepted by the Constitution can be none other than that created in acquiring some sort of title to the homestead, and hence can not arise from a contract made after such title is fully vested and the homestead acquired. Certainly the conveyance of a void tax title to appellee, while in the full possession and enjoyment of his homestead, could not have strengthened his title thereto. Indeed, the tax sale proceeded upon the assumption that the title to the homestead was already perfect in appellee.

It follows from these conclusions that appellant was properly denied the foreclosure of any lien upon the homestead. His petition failed to contain any alternative prayer, or state any facts as a basis therefor, to enforce by way of subrogation a lien against the homestead for any taxes due thereon which may have been paid by him through the void sale.

Excluding immaterial findings, we therefore adopt the court's conclusions of fact, and affirm the judgment.

*Affirmed.*