**GATES et al. v. PITTS et al.   (No. 2772.)**

(Court of Civil Appeals of Texas.   Amarillo.
Feb. 23, 1927.)

1. Courts ⬅═183—County court has jurisdiction to foreclose attachment lien on real estate.

County court has jurisdiction to foreclose attachment lien on real estate.

2. Judgment ⬅═693—Judgment of county court foreclosing attaching lien does not bind homestead of wife not party thereto.

Judgment of county court foreclosing attachment lien on real estate does not bind homestead of wife not party thereto, whatever may have been dignity of her claim, whether privilege or an estate.

3. Homestead ⬅═110—Wife's homestead right is independent of husband's attempt to dispose of it.

Wife's homestead right is valuable one, and she is fully protected in use and occupation, regardless of any action of husband in attempt to dispose of it.

4. Judgment ⬅═693—Wife's homestead right cannot be concluded by husband's contest of case in which she is not party.

Wife's homestead right cannot be concluded by husband's appearance in and contest of case in which she is not party.

5. Appeal and error ⬅═150(1)—Wife, not party to suit foreclosing lien on homestead, had no remedy by appeal from judgment against husband as regards right to restrain sale of premises.

Wife claiming homestead in land, not party to suit in county court which attempted to foreclose attachment lien on land, had no remedy by appeal from judgment against her husband as regards her right to restrain sale of premises.

6. Homestead ⬅═209—Wife, not party to attachment suit against husband in county court, can enjoin foreclosure of attachment lien on land on establishing her right of homestead.

Where wife was not party to attachment suit against husband in county court and consequently had no remedy by appeal, she had no adequate, clear, and effective legal remedy against foreclosure of attachment lien and sale of land, and hence was entitled to enjoin sale on establishing her right of homestead.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Suit by Mrs. W. B. Gates and husband against D. E. Pitts and others for an injunction. From a judgment for defendants, plaintiffs appeal. Reversed, with instructions.

Bouldin & Fish, of Matador, for appellants.
G. E. Hamilton, of Matador, for appellees.

RANDOLPH, J. Appellees have filed no brief in this court, and we take the following statement of the case from appellant's brief:

"This was a suit for an injunction, brought to the district court of Motley county, Tex., by appellants W. B. Gates and wife, Mrs. W. B. Gates, to restrain the sale of land and premises alleged and claimed by them to constitute part of their homestead. The threatened sale was being made by appellees under and by virtue of an order of sale issued out of the county court of Motley county, Tex., on a judgment rendered by said court in cause No. 279, in which D. E. Pitts was plaintiff and W. B. Gates was defendant, in favor of said D. E. Pitts for the sum of $754.95, against W. B. Gates, and for the foreclosure of an attachment lien on the real estate involved in this cause. This case was set for a hearing in vacation on the 3d day of December, 1926, at which time all parties appeared, and, upon the hearing, the court denied and refused plaintiffs an injunction in all things as prayed for by them."

The appellants contend that, a writ of attachment having issued out of the county court, which was levied upon the land in controversy, that court had jurisdiction to foreclose such attachment lien, and as the defense to the right of appellees to foreclose said lien was the assertion of homestead rights by Mrs. Gates, and such claim of right being an adjudication of the title to such land, she is not estopped by the county court judgment of foreclosure from asserting her homestead claim in the district court; that, not being a party to the suit in the county court in which the attachment lien was foreclosed, she is not estopped by such judgment in the county court from asserting her homestead rights in the district court when she seeks an injunction to restrain the sale of her homestead.

[1] The county court has jurisdiction to foreclose an attachment lien on real estate. Baker v. Pitluk & Meyer, 109 Tex. 237, 205 S. W. 982, 984.

This being the rule, did the county court of Motley county, in the case of D. E. Pitts v. W. B. Gates, No. 279, in foreclosing the attachment lien on the land in controversy, have jurisdiction to try and determine whether or not the property levied on was or was not the homestead of Gates and wife?

The solution of this question is advanced by appellant, in her contention that the homestead claim is an estate in land and not a mere privilege, and, as the county court has no jurisdiction to try a question involving the title to land, as to Mrs. Gates such county court judgment is void.

Whether or not a homestead right is an estate or a mere privilege seems to be in some apparent confusion under the decisions of our state courts. McCall v. Page (Tex. Civ. App.) 155 S. W. 655, 656; Hargadene v. Whitfield, 71 Tex. 482, 488, 9 S. W. 475; House v. Phelan, 83 Tex. 597, 19 S. W. 140; Foster v. Johnson, 89 Tex. 645, 36 S. W. 67; Middleton v. Johnston (Tex. Civ. App.) 110 S. W. 789, 791. However, we do not deem it

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

necessary to decide that question for the reasons following:

Judge Head in the case of Gentry v. Bowser, 2 Tex. Civ. App. 388, 21 S. W. 569, holds that:

"The [county] court has the right to hear the necessary evidence to enable it to decide as to whether or not it has power to try the case it is sought to have it adjudicate, whether the allegations disclosing such want of jurisdiction appear in the petition of the plaintiff, or in the plea to the jurisdiction by the defendant. The plea of the defendants clearly shows that the plaintiff was seeking to have the county court foreclose a mortgage upon real estate, and the court should have heard evidence upon this question, and, if the plea was sustained, should not have attempted to entertain jurisdiction of this part of the case."

[2-4] It naturally follows if this holding is correct, and we think it is, that, in the event the county court trying the case should determine that the land was not the homestead of the defendant, it should render judgment against such contention and subject such property to the judgment. This course was followed in the trial of the case in the county court of Motley county, and such judgment would have been binding on the community of Gates and his wife if no legal reason necessary for the wife's joinder in the suit was involved. As she was not a party to that judgment, it is not binding on her, whatever may have been the dignity of her claim, whether it was a privilege or an estate. The wife's homestead right is a valuable right, and the wife is fully protected in its use and occupation (Blum v. Light, 81 Tex. 419, 16 S. W. 1090), and this right is in no wise controlled by the husband, but is independent of any action of his in attempting to dispose of it (Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889, 890). The wife's right cannot be concluded by the husband's appearance in and contest of a case in which she is not a party. The estate or claim is vested, as an entirety, in the wife and the husband, each, and of such right or estate she cannot be divested without her having been a party to the court proceedings which were invoked for that purpose.

In the district court, in the judgment denying the writ of injunction seeking to restrain the sale under the order foreclosing the attachment writ, the court gives as the reason for such action that the plaintiff had an adequate remedy at law, and hence had no right to resort to the equitable remedy of injunction.

[5] Mrs. Gates, not being made a party to the suit in the county court, had no remedy by appeal from the judgment in favor of Pitts against her husband, W. B. Gates. Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600. Did she have any adequate legal remedy by which she could have protected her claim to and possession of her homestead?

[6] In the case of Hill v. Brown, 237 S. W. 252, the Commission of Appeals, passing upon the right of a party to resort to mandatory injunction proceedings to recover possession of a house from a hold over tenant, held that such action could not be maintained for the reason that the plaintiff had the clear, adequate, legal remedies of forcible detainer and suit to recover possession with the aid of the ancillary writ of sequestration, and that the Legislature, by the enactment of article 4643, Vernon's Sayles' Civil Statutes, subdivisions 1 and 3, 1914, did not intend to provide a choice of remedies.

We do not think in this case that such adequate, clear, and effective, legal remedy exists.

The sale under the foreclosure would have carried with it the prima facie legal title and would have entitled the purchaser to immediate possession of the premises. Mrs. Gates, if such property was a part of the homestead, would be entitled to her continuous possession of and to enjoy the possession of such homestead undisturbed by the creditors of the husband or of the community. The deprivation of the right to possess and enjoy her home could not be adequately compensated, and she would not be relegated to any legal steps necessary to restore her to such possession after eviction from her home. And the threat of eviction presented by these prima facie proceedings is just as potent to invoke the action of equity in her behalf as it would be to restore such possession.

For the reasons indicated, we reverse the judgment of the trial court, with the instruction to such court to proceed to the trial of the claim of Mrs. Gates to the property involved as her homestead. Of course, in the event the court or the jury, or the court and the jury, should determine that such property is not a part of the homestead, the issuance of the writ would be properly denied, but, if the jury or the court, or the jury and the court, should determine that such property is a part of the homestead of Mrs. Gates, then the injunction should be made permanent.