**WILSON et ux. v. LEVY et al.**
**No. 9834.**

Court of Civil Appeals of Texas. Galveston.
April 14, 1933.

Rehearing Denied June 8, 1933.

Geo. G. Clough and Dick Young, both of Houston, for appellants.

Harry W. Freeman, of Houston, for appellees.

502

**GRAVES, Justice.**

Appellants filed this suit against appellees to set aside a sheriff's sale of lots 12, 13, and the east 25x100 feet of 14, in block 6, Pineridge addition to the city of Houston, as well as for possession of the premises, damages both for the value of accrued rents thereon and for wrongful ejectment of themselves therefrom, tendering in their pleadings to appellees the $300—amount fixed as a vendor's lien in favor of the latter in a prior suit between the same parties concerning the property; the sale and sheriff's deed pursuant thereto thus sought to be set aside had been made by virtue of execution and order of sale issued on a judgment in favor of the Levys against the Wilsons in the former cause, which is reported under the style of Wilson v. Levy (Tex. Civ. App.) 13 S.W.(2d) 971, for $1,638.93, with interest at 10 per cent. per annum, and decreeing a foreclosure of a deed of trust lien on the two and one-half lots, with further recitation that the Levys were subrogated to a pre-existing vendor's lien on the property to the extent of $300 of the $1,638.93 total, with interest on the $300 at the rate of 8 per cent. per annum from January 26, 1926, as to which latter sum a lien and foreclosure was also ordered; the Wilsons appealed from that judgment on a cost bond, no supersedeas having been taken, whereupon the Levys proceeded to enforce it, pending the appeal, for the full amount of $1,638.93 through the order of sale referred to, and bought in the property themselves for the sum of $500 as a credit on their judgment, except as to $56.82 thereof, which was paid by them as costs of court and of executing the writ, at the same time ejecting the Wilsons from their possession.

Subsequently, the Beaumont Court of Civil Appeals in the opinion cited supra reversed the judgment in so far as it decreed a foreclosure of the deed of trust lien on the property, holding that, since the entire two and one-half lots had been the homestead of the Wilsons at the time of the creation of that instrument, it was wholly void, but left the judgment standing in so far as it decreed a foreclosure for the $300 portion of the total recovery, for which it held the Levys had a vendor's lien by subrogation arising from the fact that that much of the amount they had originally loaned the Wilsons had gone to pay a pre-existing vendor's lien on the property.

So that, it results that the sale challenged by the present suit, as shown by the execution, notice of sale, sheriff's return, and sheriff's deed thereunder, was made to satisfy this foreclosed deed of trust lien and the full amount of the $1,638.93 debt as being secured by it, together with interest thereon at 10 per cent. per annum, no individual execution or order of sale at all being issued on that portion of the judgment foreclosing such vendors' lien, nor any mention of it being made;

whereas, as a matter of law at that time—by such judicial determination thereafter made —a valid lien had so existed by subrogation for only $300 of this $1,638.93, which carried merely the 8 per cent. interest before mentioned.

■ The property at the very time of this sale of it was the homestead of the Wilsons and was then occupied by them as such, which status was not only legally fixed by the final decision of the Beaumont Court of Civil Appeals in the judgment referred to, but also by the undisputed evidence heard on this trial.

Such being the facts, it is clear that this herein challenged sale of the property to satisfy the lien, the bulk of which was nonexistent, was invalid. Girardeau v. Perkins, 59 Tex. Civ. App. 552, 126 S. W. 633; Wright v. Straub, 64 Tex. 64; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 639, 66 A. L. R. 916; Hayes v. Taylor, 17 Tex. Civ. App. 449, 43 S. W. 314; House v. Phelan, 83 Tex. 595, 19 S. W. 140; Stroud v. Casey, 25 Tex. 755, 78 Am. Dec. 556.

Had it not affirmatively, as we read the record, appeared that no order of sale was ever issued and no sale made on so much of the judgment as authorized that to be done in so far as affected the amount due under the vendor's lien, a different question would be presented, which would probably be ruled by the authorities and considerations presented in the able brief for the appellees.

■ Contrary to the position taken by the appellees, another distinct feature of this cause as alleged and sought to be proven is this: As our preliminary statement has recited, the action was one not alone seeking the cancellation of the sale and consequent sheriff's deed, but further for the restitution of possession of the premises, together with alleged damages for the value of the rents thereon from the date of their ejection up to the time of this trial, together with other claims as for the proximate results to them of such ejectment; furthermore, while the trial court seems to have struck out much if not all of their testimony relating to that matter, the appellants did in their pleadings tender the $300 amount to the appellees that had been fixed as carrying a vendor's lien against the property.

All of this being true, and it further undisputedly appearing that the appellees bought in this property for an amount in excess of the sum due on the valid vendor's lien, crediting such excess upon their general judgment against the appellants, no reason appears for not holding that they were not, in equity, entitled to the benefit of their purchase, according to the principles of law applied in Hunter v. Wooldert, 55 Tex. 433. See, also, Smith v. Wright, 13 Tex. Civ. App. 480, 36 S.

W. 324, and Swayne v. Chase (Tex. Civ. App.) 29 S. W. 418, 420.

It therefore seems to us that, as applied here, it was not a question of the appellants being required to sue for the recovery of this excess, but one of the appellees not having shown themselves to be equitably entitled to the benefit of a purchase they had made in such circumstances.

It furthermore seems to us that the evidence at least raised issues of fact over whether or not a tender of the $300 amount due under the vendor's lien had been made, whether any of the damages alleged by the appellants had been sustained, and whether the condition of the property at the time of the levy and sale had been such that, instead of the whole being sold in bulk as was done, it could have been—conformably to R. S. art. 3806—offered and sold separately for such sum as would have satisfied the only valid lien then existing against it, that is, the vendor's lien, with accumulated interest and costs.

The learned trial court, however, at the close of appellants' evidence, peremptorily instructed a verdict in favor of the appellees, which being duly returned, was followed by a judgment in their favor; this, we conclude, constituted prejudicial error.

To uphold a sale of the homestead made in such circumstances as here obtained as being in compliance with the claimed policy of the law to sustain judicial sales would, it seems to us, be extending that doctrine unjustifiably.

Pursuant to these conclusions, the judgment has been reversed and the cause remanded.

Reversed and remanded.