**Ethel Rennie WIGGINS, Appellant,**

v.

**Richard C. HILLEMAN et ux.,
Appellees.**

**No. 15495.**

Court of Civil Appeals of Texas.

Dallas.

July 24, 1959.

Rehearing Denied Oct. 2, 1959.

Sidney E. Dawson, Dallas, for appellant.

Jack E. Brady, Brady, Drake & Yates, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a judgment awarding appellees, Richard C. Hilleman and his wife, Betty D. Hilleman, a permanent injunction restraining appellant, Ethel Rennie Wiggins, from levying execution on a specific piece of property located in Dallas County, Texas, belonging to ap· pellees. The injunction was granted on the grounds that the property is the homestead of appellees.

In a previous suit, Cause No. 18,702 filed November 19, 1956 appellant had sued appellee, Richard C. Hilleman, then a single man, for unliquidated damages for breach of promise of marriage. At the time Hilleman was the owner of the property in question. On the same day suit was filed an ex parte restraining order was issued restraining appellee Richard C. Hilleman "from selling or otherwise disposing of or encumbering said property pending further hearing herein, or placing or attempting to place same beyond the reach or jurisdiction of this court * * *". On November 26, 1956, after notice to Richard C. Hilleman, the ex parte order was made into a temporary injunction, the order reciting that Richard C. Hilleman had agreed to the granting of the temporary

injunction. On April 15, 1957, after a trial before a jury, judgment was awarded to Ethel Rennie Wiggins against Richard C. Hilleman in Cause No. 18,702 for damages in the amount of $5,039. On April 16, 1957 Ethel Rennie Wiggins filed her judgment for record in the Judgment Records of Dallas County, Texas.

It should be noted here that in her suit Ethel Rennie Wiggins did not assert any lien or any interest in the title to the property in question, which consisted of a lot and a newly constructed frame house. Nor did the judgment obtained by Ethel Rennie Wiggins make any reference to the property. The judgment was simply an award of damages in the amount of $5,039 based on a previously unliquidated claim. The decree expressly recites that "All other relief requested by either party is denied."

On July 1, 1957 Ethel Rennie Wiggins caused an execution to issue on her judgment in Cause No. 18,702, and the property involved herein was advertised by the Constable to be sold on August 6, 1957 in order to satisfy the judgment.

Meantime on November 24, 1956 Richard C. Hilleman had married Betty D. Hilleman and they had immediately moved into the house in controversy.

On July 25, 1957 Richard C. Hilleman and wife Betty D. Hilleman filed suit, Cause No. 28,321, against the Constable and Ethel Rennie Wiggins asking an injunction to restrain the defendants from proceeding with the sale of the property. A temporary injunction was granted. On April 22, 1958, a final judgment was rendered in Cause No. 28,321 permanently enjoining the Constable and Ethel Rennie Wiggins from levying on the property in question, which was found to be the homestead of Richard C. Hilleman and Betty D. Hilleman.

Appellant's Points on Appeal.

Appellant Ethel Rennie Wiggins, briefs eleven points on appeal, which we shall briefly summarize. She contends that (1) the temporary injunction in Cause No. 18,702 was agreed to by Richard C. Hilleman, therefore he and his wife were precluded from later setting up a homestead encumbrance; (1A) it was error for the court to sustain appellees' exception to appellant's allegation that Hilleman and wife were precluded; (2) appellees' suit, Cause No. 28,321, was a collateral attack on the judgment in Cause No. 18,702; (3) the judgment in Cause No. 18,702 was res judicata of the matters which appellees sought to raise in Cause No. 28,321; (4) appellees were not entitled to an injunction because they had an adequate remedy at law; (5) appellees waived their claim of homestead by not asserting it in Cause No. 18,702; (6) the temporary injunction in Cause No. 18,702 created a trust on the property in controversy for the benefit of Ethel Rennie Wiggins; (6A) the trial court was wrong in concluding that the restraining order in Cause No. 18,702 was void because Ethel Rennie Wiggins had an adequate remedy at law and had no right or claim to the title, possession, or use of the property; (7) by filing her judgment in Cause No. 18,702 for record Ethel Rennie Wiggins obtained valid and subsisting lien against the property; (8) the court erred in holding that the homestead character of the property related back to the time when Richard C. Hilleman and Betty D. Hilleman became engaged to marry and began to invest their separate estates and labor into building the house in question with the intention of making it their homestead; (9) the court erred in overruling Ethel Rennie Wiggins' motion for summary judgment.

Findings of Fact Made by Trial Court.

The trial court made extensive findings of fact in Cause No. 28,321, which have abundant support in the record evidence. The more important of these findings were in substance as follows: (1) During the first week in September 1956 Richard C. Hilleman and Betty D. Hilleman became

engaged to marry; the date of their marriage was to depend on the completion of a frame house, already begun on property then belonging to Richard C. Hilleman. (2) Which property is now the subject of this lawsuit. (3) As part of their engagement contract they each agreed to contribute money from their separate estates and to perform labor necessary to complete the home already begun on the property, and on its completion they would marry and occupy it as their homestead. (4) In accordance with this agreement Betty D. Hilleman contributed approximately $450 cash and spent several evenings per week and numerous weekends between the first week in September 1956 and November 24, 1956 toward completion of the house. Richard C. Hilleman also contributed money and labor for the same purpose. (5) On November 22, or 23, 1956 the house became suitable for occupancy. The couple were married November 24, 1956 and the same day occupied the house and property as their homestead and have continued to do so to date of trial. (10) On November 21, 1956, three days prior to the marriage, the ex parte restraining order was served on Richard C. Hilleman individually in Cause No. 18,702 filed by Ethel Rennie Wiggins. (11) On November 26, 1956 at the time set for a hearing Ethel Rennie Wiggins and her attorney appeared in Court. Richard C. Hilleman made no appearance at that time. The attorney for Ethel Rennie Wiggins stated to the court that in a telephone conversation the attorney for Richard C. Hilleman had told him it would be all right to continue the ex parte restraining order as served in effect as a temporary injunction. The judge confirmed this statement by telephone, then signed the temporary injunction order. Richard C. Hilleman did not individually or by attorney agree to waive or abandon his homestead rights in the subject property. (12) The order for the temporary injunction contained additional language to that found in the ex parte restraining order, such additional language adding a provision restraining Hilleman from changing the status quo of the property and from doing anything that might make a judgment ineffective. The agreement between the two attorneys did not include this additional language. (13) Prior to trial of Cause No. 18,702 Ethel Rennie Wiggins and her attorney had knowledge of the fact and the date of the marriage of Richard C. Hilleman and Betty D. Hilleman, and during the trial evidence was introduced to that effect. (14) Betty D. Hilleman was never named as a party to Cause No. 18,702, no process of any kind was served on her, she was not present and had no part in the trial or any hearing held therein, and the final judgment did not mention her name or refer to her in any way. (15) Betty D. Hilleman had no personal knowledge that there was a restraining order in effect when she married Richard C. Hilleman, had no knowledge that the property she claims as her homestead was being effected by the proceedings in the prior lawsuit, and had no personal knowledge of the property being in jeopardy until there was an attempt to levy execution on the property. (16) The question of the homestead character of the property was not presented or determined in Cause No. 18,702. (17) The judgment for $5,039 against Richard C. Hilleman in Cause No. 18,702 did not establish or foreclose a lien against the subject property, or award an interest in the title to the property, nor did the judgment refer to the property. (18) When the judgment in Cause No. 18,702 was filed for record Richard C. Hilleman and Betty D. Hilleman had been living in the property continually as their homestead for four months and twenty-two days. (20) No appeal was taken from the judgment in Cause No. 18,702.

### Opinion.

None of appellant's points on appeal can be sustained. The ex parte restraining order of November 19, 1956 issued in connection with an unliquidated claim

for damages, did not give appellant a lien or any interest in the title to the property, and should never have been granted. Moreover the temporary injunction of November 26, 1956, issued in connection with the same claim for unliquidated damages, was rendered two days after appellees had married and moved into the house and on the lot as their homestead, so the status quo of the property as a homestead had already been established. Moreover neither Richard C. Hilleman nor his attorney had agreed to the additional language which was written into the temporary injunction.

The judgment of April 15, 1957 in favor of Ethel Rennie Wiggins, in Cause No. 18,702 did not purport to create, recognize, or foreclose a lien or establish an interest of any kind in the title to the property involved in the present suit. It was a simple money judgment for $5,039, for damages for breach of contract. At the time of its rendition appellees had long since moved into the property and had continuously occupied it as their homestead. As such it was exempt from execution and forced sale for ordinary debts and money judgments. Appellant had no right to levy execution on the property, or cause it to be sold to satisfy her judgment. Art. 16, Sec. 50, Vernon's Constitution of Texas, arts. 3832 and 3839, Vernon's Ann.Civ.St.

Since appellee Betty D. Hilleman was not a party to Cause No. 18,702, did not in any way participate in it, had no opportunity to present her homestead defense, and was not even named or referred to in the judgment of April 15, 1957, her previously acquired homestead rights could not be affected by the judgment against her husband. The rule is especially applicable here since Betty D. Hilleman, the wife, had invested funds from her own separate estate in the improvement of the property and had contributed her own labor to the completion of the house. Wilson v. Mitchell, Tex.Civ.App., 299 S.W.2d 406; Behrens v. Behrens, Tex.Civ.App., 186 S.W.2d 697; Citizens' State Bank of Lindale v.

Jeffries, Tex.Civ.App., 2 S.W.2d 317; Gates v. Pitts, Tex.Civ.App., 291 S.W. 948; 26 Tex.Jur. 251.

All of appellant's points on appeal are overruled, except point No. 8. Since the question raised in point No. 8 is immaterial to our decision in this appeal, we shall not pass on point No. 8.

The judgment of the trial court is affirmed.